October 15, 2025

The Honorable Kandis A. Westmore, Magistrate Judge
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

Re: Joint Discovery Dispute Letter, *Stephen Chiari v. City of San Mateo, et al.,* (3:24-cv-06780-MMC)

Dear Magistrate Judge Westmore:

The parties hereby attest that pursuant to Civil Local Rule 37-1 and this Court's Order of September 29, 2025 (ECF 41) they met and conferred via videoconference on October 7, 2025, and that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing this joint letter.[1]

Respectfully submitted,

| *For Plaintiffs:* | *For Defendants:* |
|---|---|
| SCHWAIGER LAW FIRM<br>Attorney for Plaintiffs | RIDLEY MASTER<br>Attorneys for Defendants |
| | |
| */s/ Izaak D. Schwaiger* | */s/ Elizabeth Evans* |
| | |
| SCOTT LAW FIRM<br>Attorney for Plaintiffs | |
| | |
| */s/ John H. Scott* | |

---

[1] Due to complications with the parties' efforts at coordinating this joint submission, this letter is tendered one day late. The parties apologize to the Court for their tardiness.

1

PLAINTIFF'S POSITION:

This case centers on allegations of false arrest, malicious prosecution, and fabrication of evidence related to a boating accident where Plaintiff was captaining a ski boat that collided with a kayaker. Following the collision, Plaintiff was arrested and charged with the crime of boating under the influence and reckless operation of a watercraft. A jury acquitted him at trial.

The defense has noticed the depositions of two minor children who were on Plaintiff's boat the time of the collision, R.C., Plaintiff's then eight-year-old son, and E.V., R.C.'s then nine-year-old friend. The defense also noticed the depositions of three other adults who were on the boat, not including Plaintiff. Plaintiff's deposition was conducted on September 19, 2025. Passenger Jim Enes was deposed on October 8, 2025. The depositions of the remaining two adult passengers were scheduled for the week of October 13, 2025, but have been delayed due to unforeseeable scheduling issues with defense counsel. Plaintiff has asserted that the depositions of all passengers are immaterial to any determination of the issues presented in this case, and initially suggested seeking protective orders for all of these witnesses.[2] Plaintiff then modified his position, suggesting that the adults may be deposed, but that the children should not be.

Neither minor child was interviewed by Defendant Becker prior to his arrest of Plaintiff, and neither was present during Defendant Becker's investigation of Plaintiff. The defense position has been, "They were percipient witnesses who were on the boat at the time of the incident. They spent a lot of time with your client on the day of the incident before the incident. They were interviewed by the police. They are old enough to have their depos taken." Defendants also now focus on what they describe as Plaintiff's "untruthfulness" about what he may have had to drink. This has no bearing on what

---

[2] The depositions of Plaintiff and his wife, Erin Chiari, are relevant, and Plaintiff has not opposed them.

2

Officer Becker knew at the time of the arrest. It is unclear what the minors' testimony might add one way or the other to this issue.

The defense seems to misconstrue what is at issue in this lawsuit. The issue is not whether Plaintiff was boating under the influence or operating a watercraft recklessly. The issue is whether Officer Becker had probable cause to believe such was the case at the time he arrested Plaintiff. Neither minor child was interviewed by Becker, and neither was interviewed by any officer prior to Plaintiff's arrest. Because after-acquired evidence may not be considered in the probable cause analysis, the testimony of either minor witness would be wholly immaterial to any claim or defense at issue. Both minor witnesses were greatly traumatized by witnessing the accident and its aftermath, and both minors' parents wish them not to have to relive the experience. These events took place seven years ago when the witnesses were very young, and the testimony of the adult passengers would presumably be duplicative of that of the minor children.

Accordingly, a protective order barring these depositions from taking place is appropriate. Because the testimony sought is not relevant to any claim or defense, and because the proposed deponents are minors, the burden of these depositions upon the proposed deponents far exceeds any conceivable need for the information sought.

"Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer *at the time of the arrest*." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)(emphasis added). After-learned facts are of no relevance whatsoever to a determination of whether probable cause to arrest existed at the time Plaintiff was arrested. Given the lack of materiality to the evidence sought, the availability of other witnesses to provide that evidence, the risk of harm to the minor children Defendants now seek to depose, and the fact that the minor children are not parties to this action, and the fact that Plaintiff's son would in essence be compelled to testify against his father's interests, the Court should exercise its discretion and forbid these two depositions from moving forward.

Plaintiff's final proposed compromise position is that the Defendants be permitted to depose the three adult passengers on the boat at the time of the collision, but not the children. Though Plaintiff believes there is no relevant evidence to be gathered from these depositions, there is also little risk of harm in the depositions of the adult witnesses going forward. This position is consistent with Section 9(a) of the Northern District's Guidelines for Professional Conduct.

DEFENDANTS' POSITION:

Federal Rule of Civil Procedure ("Rule") 26(b)(1) governs the scope of permissible discovery and provides:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' [*5] resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." F.R.C.P 26(b)(1); *S.O. v. Rescue Union Sch. Dist.,* 2025 U.S. Dist. LEXIS 51794, *2 (E.Dist Cal. March 9, 2025)

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevance to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *S.O.,* supra *2, citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. *Id.*, citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Courts, while mindful of the adverse emotional effect that discovery may

4

have on a child plaintiff or witness, have generally refused to preclude an opposing party from obtaining the child's testimony on relevant and material issues in the case." *Id.*; *Lamberth v. Clark Cnty. Sch. Dist.,* No. 2:14-CV-02044-APG, 2015 U.S. Dist. LEXIS 86572, 2015 WL 4076506, at *4 (D. Nev. July 1, 2015).

To determine what restrictions, if any, to impose on the deposition of a young child, courts balance "the hardship to the party [or person] against whom the discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if discovery is denied." *Id. Arassi v. Weber-Stephen Prods. LLC, No. 13-cv-648-NJ*, 2014 U.S. Dist. LEXIS 49032, 2014 WL 1385336 (E.D. Wis. 2014) (allowing depositions of plaintiffs' children, percipient minor witnesses, ages 10 and 14). "[T]he party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome or not relevant." *Lamberth*, 2015 U.S. Dist. LEXIS 86572, 2015 WL 4076506, at *4.

This litigation arises from an incident in 2018 during which the Plaintiff, Mr. Chiari, while operating a speed boat, collided with a teenage boy in a kayak in the San Mateo lagoon.  The teenage boy, who was fifteen at the time, was seriously and permanently injured.

During his interview with Officer Becker following the incident, Plaintiff admitted to drinking one beer prior to the accident.  **For the next seven years – until he was put under oath at his deposition in this action -- Plaintiff never corrected the record or admitted that his statement to Officer Becker concerning the amount of his pre-accident alcohol consumption was false.  During the entirety of his criminal trial (in which he exercised his right not to testify), a subsequent civil action for damages brought against Plaintiff by his victim (which settled for $2.6M without Plaintiff sitting for deposition) and during the entire course of written discovery in this case, Plaintiff never corrected the record concerning his false statement related to his pre-accident alcohol consumption.**  It was only when he was finally put under oath during his deposition on September 19, 2025 that Plaintiff admitted to consuming an additional alcoholic beverage containing vodka while on the boat prior to the underlying incident.  It never made sense to the officers on the scene that his PAS results over an hour after the accident were over .05, and .03 based on a breathalyzer two hours later, if

5

the Plaintiff only had one beer, as he stated.  Officer Becker's observations that Plaintiff had red blood shot eyes, slow slurred speech, horizontal gaze nystagmus, and poor results heel-to-tow walking, and smelled of alcohol are the central issue in this case.

Plaintiff argues that the only relevant information in this case is what Becker *knew* at the time of his investigation – not Plaintiff's lie and the results of the Field Sobriety Evaluation conducted following the incident.  It is Defendants position that Officer Becker's conduct must and should be evaluated based on the totality of the circumstances existing at the time of his investigation, including what the people on the boat independently observed that can corroborate his observations and exonerate him of malicious prosecution, false arrest and potentially fabrication of evidence. To the extent the occupants of the boat observed Plaintiff drinking prior to the accident and/or conducting himself in such a way that would support the conclusion that Plaintiff was impaired, such evidence is relevant in assessing the reasonableness of the conclusions reached by Becker.

Given Plaintiff's untruthfulness about this core issue for the last seven years -- which bears directly to the existence of probable cause and the reasonableness of the conclusions reached by Becker concerning Plaintiff's impairment -- Defendants should be entitled to examine the boat occupants to probe for additional, and hopefully trustworthy, information related to Plaintiff's consumption and conduct on the boat.

The boat's occupants, including the two minors (R.C. and E.V.), have independent and important knowledge relevant to these material issues for the defense of this case.  The minors were ages 8 and 9 at the time of the incident. They are now 15 and nearly 16 years-old.  One of them is Plaintiff's son.  These witnesses are more than likely to have material, independent and non-duplicative evidence of (1) Plaintiff's consumption of alcohol prior to, during and immediately after the incident; (2) Plaintiff's conduct in operating the boat and physical state, both of which bear directly on the issue of impairment and, by extension, the reasonableness of Becker's conclusions re impairment; and (3) Plaintiff's veracity or lack thereof.

For all of the foregoing reasons, Plaintiff's instant Motion for Protective Order related to Defendants' Notices of Depositions for the minor boat occupants should be denied.