IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHIARI,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 24-cv-06780-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND; VACATING HEARING** |

    Before the Court is plaintiff Stephen Chiari's Motion, filed September 23, 2025, "for Leave to File First Amended Complaint." Defendants City of San Mateo and Officer Leroy Becker have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for November 7, 2025, and rules as follows.

    In the instant action, plaintiff asserts federal and state law claims arising from his arrest by defendant Leroy Becker ("Officer Becker") in 2018 on "a felony charge of operating a boat under the influence and causing injury" (see Compl. ¶ 13) and the subsequent filing by the San Mateo District Attorney's Office in 2019 of "misdemeanor charges" for "reckless operation of a boat and operating a boat while impaired" (see Compl. ¶ 15), which prosecution resulted in a jury's "fully acquit[ing] [p]laintiff of all charges" (see id.) Among the six Causes of Action set forth in the Complaint is a claim titled "42 U.S.C. § 1983 – Malicious Prosecution – Against Defendant Becker," which claim is based on an allegation that Officer Becker, acting out of "personal animus toward attorneys, . . .authored false arrest reports in an effort to secure a conviction" of plaintiff,

who is an attorney (see Compl. ¶ 37),[1] and that the criminal charges "were primarily filed based on the strength of the false and untruthful assertions contained in Officer Becker's police report" (see Compl. ¶ 15).

By the instant motion, plaintiff seeks leave to amend for purposes of adding a claim titled "42 U.S.C. § 1983 – Deliberate Fabrication of Evidence – Against Defendant Becker," by which he seeks to allege said defendant "deliberately fabricated evidence that was used to criminally charge and prosecute [p]laintiff." (See Proposed First Amended Complaint for Damages ¶ 43.)[2]

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). Under Rule 16, however, if a court has issued a scheduling order that sets a deadline to "amend the pleadings," see Fed. R. Civ. P. 16(b)(3)(A), such deadline "controls the course of the action unless the court modifies it," see Fed. R. Civ. P. 16(d), upon a showing of "good cause," see Fed. R. Civ. P. 16(b)(4) (providing "[a] schedule may be modified only for good cause"). Good cause exists to amend a scheduling order if the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation and citation omitted).

Where a party seeks to amend a pleading after the deadline set forth in a scheduling order, said party "must first show good cause for amendment under Rule 16(b), [and] then, if good cause be shown, the party must demonstrate that amendment [is] proper under Rule 15." See id. at 608 (internal quotation and citation omitted).

Here, as defendants point out, the Court, in its Amended Pretrial Preparation Order, set April 10, 2025, as the "deadline to amend pleadings." (See Amended Pretrial

---

[1] According to plaintiff, Officer Becker was the "lead Investigating Officer" (see Compl. ¶ 13) and "learned in the early stages of his investigation that [p]laintiff was an attorney" (see Compl. ¶ 37).

[2] The proposed amended pleading is attached to the motion as an exhibit.

Preparation Order, filed April 10, 2025, at 1.) Consequently, the threshold issue is whether plaintiff has shown good cause exists to extend the deadline to amend the pleadings by more than five months. In that regard, plaintiff's counsel states he determined, after deposing the deputy district attorney who tried the criminal matter, that, with respect to the existing claim for malicious prosecution, "viable defense[s]" might exist, namely "the existence of probable cause" and a "presumption of prosecutorial independence," defenses, he states, would not apply to a claim for deliberate fabrication. (See Schwaiger Decl. ¶ 3.)

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v Peters, 857 F.3d 789, 798 (9th Cir. 2017). Here, plaintiff does not contend that, after the deadline to amend had passed, he learned of any new facts to support either of the two elements of a deliberate fabrication claim. Cf. Fru-Con Construction Corp., 2006 WL 3733815, at *5 (E.D. Cal. December 15, 2006) (finding counterclaimant acted with diligence in seeking to amend to add two new parties, as alter egos of counterdefendant, where "it was only through discovery that [such counterclaimant] learned the details on which it now base[d] its amended counterclaim"). Instead, plaintiff acknowledges the proposed new claim is not based on any "additional facts," but, rather, on "the same, identical facts" alleged in the Complaint. (See Pl.s' Mot. at 6:12.5-14.) Indeed, plaintiff relied on those facts to support his malicious prosecution claim. (See Compl. ¶ 37 (alleging Officer Becker "authored false arrest reports in an effort to secure a conviction").)

Under the circumstances, the Court finds plaintiff has not been diligent in seeking to pursue a claim for deliberate fabrication. Although plaintiffs assert defendants would not be prejudiced by the proposed amendment, the question of whether defendants would or would not be prejudiced by the proposed amendment is not relevant to the question of whether plaintiff has diligently pursued his claims. See Johnson, 975 F.2d at 609 (holding "[a]lthough the existence or degree of prejudice to the party opposing the

modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end").

Accordingly, the motion to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2025

MAXINE M. CHESNEY
United States District Judge