United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEPHEN CHIARI,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SAN MATEO, et al.,<br><br>  Defendants. | Case No.  24-cv-06780-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is defendants City of San Mateo and Leroy Becker's ("Officer Becker") "Motion for Summary Judgment," filed February 12, 2026, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Stephen Chiari has filed opposition, to which defendants have replied.

The matter came on regularly for hearing on April 3, 2026. Shawn M. Ridley of Ridley Master appeared on behalf of defendants. Izaak D. Schwaiger of the Schwaiger Law Firm and John H. Scott of the Scott Law Firm appeared on behalf of plaintiff.

The Court, having considered the parties' respective written submissions and the arguments of counsel made at the hearing, and for the reasons stated in detail on the record at the hearing, hereby rules as follows.[1]

## CLAIMS

**1. "42 U.S.C. § 1983 – False Arrest" (Second Cause of Action)**

Plaintiff has failed to raise a triable issue of material fact as to his claim of false

---

[1] The reasoning set forth in summary form below is in no manner intended to replicate the entirety of the Court's analysis set forth at the hearing.

United States District Court
Northern District of California

arrest, in that plaintiff has failed to raise a triable issue as to Officer Becker's probable cause to arrest plaintiff for violation of California Harbors and Navigation Code § 655(a) (operation of vessel "in a reckless or negligent manner so as to endanger the life, limb, or property of any person"). See, e.g., Ewing v. City of Stockton, 588 F.3d 1218, 1230 n.19 (9th Cir. 2009) (holding "probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause") (emphasis in original) (internal quotation and citation omitted).

**2. "42 U.S.C. § 1983 – Malicious Prosecution" (Fourth Cause of Action)**

Plaintiff has raised a triable issue of material fact as to his claim of malicious prosecution to the extent such claim is based on his prosecution for violation of Cal. Harbors and Navigation Code § 655(b) (operation of vessel "while under the influence of an alcoholic beverage"), in that he has raised a triable issue as to whether Officer Becker submitted a police report containing material misrepresentations of fact for the purpose of denying plaintiff his constitutional rights and as to whether that report caused such charges to be filed. See Mills v. City of Covina, 921 F.3d 1161, 1169 (9th Cir. 2019) (setting forth elements of malicious prosecution claim); see also Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007) (holding "police officer who maliciously or recklessly makes false report[] to the prosecutor may be held liable for damages incurred as a proximate result of [that] report[]"). For the same reasons, Officer Becker cannot rely on qualified immunity. See S.R. Nehad v. Browder, 929 F.3d 1125, 1140 (9th Cir. 2019) (holding "genuine disputes of material fact…preclude a grant of summary judgment on qualified immunity").

**3. "42 U.S.C. § 1983 – Unconstitutional Policy" (First Cause of Action)**

Although plaintiff has raised a triable issue of material fact as to whether the City

United States District Court
Northern District of California

of San Mateo had an official policy or practice permitting arrests for driving/boating under the influence based solely on the arrestee having a blood alcohol level of 0.04 on a preliminary alcohol screening test and having been involved in any type of collision, plaintiff has failed to raise a triable issue of material fact as to whether such policy was the "moving force" behind his arrest under § 655(a), see Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation and citation omitted), in that the evidence is undisputed that the police report Officer Becker filed in support of plaintiff's arrest expressly states his arrest "for Harbors and Navigation Code 655(b)" was "[b]ased on the injury boat accident, Chiari's objective signs of intoxication, preliminary questions, [and] his performance on the Field Sobriety tests" (see Doc. No. 69-1 Ex. 4 at 38).[2]

### 4. "42 U.S.C. § 1983 – Deprivation of Property without Due Process" (Third Cause of Action) & "Conversion" (Sixth Cause of Action)[3]

Given the Court's finding that plaintiff has failed to raise a triable issue as to his false arrest claim, plaintiff has failed to raise a triable issue as to either his deprivation of property without due process claim, see Cal. Harbors & Nav. Code § 523(a)(4) (providing peace officer may remove from public waterway and store vessel "[w]hen an officer arrests a person operating or in control of the vessel for an alleged offense"), or his conversion claim, see Lee v. Hanley, 61 Cal.4th 1225, 1240 (2015) (listing "wrongful act" as element of conversion claim).

**CONCLUSION**

For the reasons stated above, defendants' Motion for Summary Judgment is

---

[2] With respect to exhibits, the citations herein are to the page numbers assigned at the top of each page by this district's electronic filing system.

[3] Plaintiff is not pursuing his Fifth Cause of Action, "42 U.S.C. § 1983 – Defamation Plus." (See Doc. No. 64 ¶ 4.)

3

hereby GRANTED as to Chiari's First, Second, Third, and Sixth Causes of Action, and is hereby DENIED as to Chiari's Fourth Cause of Action.

**IT IS SO ORDERED.**

Dated: April 17, 2026

MAXINE M. CHESNEY
United States District Judge